UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LOUISVILLE PROCESSING & COLD STORAGE, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | Case No. 22-31479-jal |
| | ) | |
| IN RE: | ) | |
| | ) | |
| RIVERPORT HOLDING, LLC | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | Case No. 22-31480-jal |
| | ) | |

**EMERGENCY MOTION FOR AUTHORITY TO SELL REAL PROPERTY
COMMONLY IDENTIFIED AS 8001 CANE RUN ROAD
FREE AND CLEAR OF LIENS OR OTHER INTERESTS**
**\* \* \*   \* \* \*   \* \* \***

Come the Debtors, Louisville Processing & Cold Storage, Inc. ("LPCS") and Riverport Holding, LLC ("Riverport" and together with LCPS referred to herein as "Debtors"), by proposed counsel, and hereby move the Court for authority to sell Riverport's real property and improvements commonly identified as 8001 Cane Run Road, Louisville, Kentucky 40258 (the "Real Property") free and clear of liens, claims, encumbrances, or other interests. In support of this Motion, the Debtor states as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue for these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.      The statutory bases for the relief sought in this Motion are 11 U.S.C. § 363 and Fed. R. Bankr. P. 2002, 6004(c), and 9014.

### Background

3.      On August 3, 2022 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Kentucky. The Debtors are "small business debtors" as that term is defined in Bankruptcy Code §101(51D) and have elected that subchapter V of chapter 11 of the Bankruptcy Code shall apply to these cases. Pursuant to Bankruptcy Code §1184, Debtors continue to operate their businesses and manage their property as debtors in possession.

4.      LPCS is a corporation organized under the laws of the Commonwealth of Kentucky. Its sole shareholder is David Phillips.

5.      Riverport is a single-member limited liability company organized under the laws of the Commonwealth of Kentucky. Riverport is the owner of the Real Property. The Real Property is a processing and cold storage plant situated on approximately seven acres along Cane Run Road. The Real Property also includes an ammonia-based refrigeration and freezer system built into the Real Property 25 years ago ("Refrigeration System"), six industrial smokers/ovens installed at the Property which are built into the roof and affixed to the floor ("Ovens"), and industrial racking installed throughout the Property ("Industrial Racking").

6.      Republic Bank & Trust Company ("Republic Bank") holds a mortgage in the face amount of $2,897,000.00 against the Real Property. A true and correct copy of Republic Bank's mortgage is attached hereto as Exhibit "A."

7.      In August 2020, Republic Bank initiated a foreclosure action against Debtors to foreclose on the Real Property, Case No. 20-CI-400686 in Jefferson Circuit Court (the "Foreclosure Action"). The Debtors reached a settlement agreement with Republic Bank which allowed the Debtors time to refinance while no longer making payments to Republic Bank. The settlement agreement expired by its terms in November 2021 and Debtors were unable to refinance the debt. As a result, Republic Bank moved forward with the Foreclosure Action and filed for judgment and order of sale.

8.      In June 2022, with the Foreclosure Action pending, Debtors were able to locate a purchaser for the Real Property. RB4, LLC (the "Buyer") offered to purchase the Real Property for $3.2 million, and Republic Bank has consented to the transaction. A true and correct copy of the agreement is attached hereto as Exhibit "B."

9.      LPCS and Buyer have negotiated terms that will preserve LPCS' tenancy in the Real Property upon closing of the proposed sale transaction such that LPCS can continue operating its processing and cold storage business.

10.     The Buyer and the Debtors have negotiated the terms of the purchase agreement at arm's length and in good faith. The Buyer is not an insider of either Debtor.

### Liens & Other Interests Affecting the Real Property

11.     As stated hereinabove, Republic Bank holds a first security interest against the Real Property in the face amount of $2,897,000.00 via mortgage dated November 21, 2018, filed of record in the Office of the Clerk of Jefferson County in Mortgage Book 15793, Page 614.

12.     The amount of indebtedness owed to Republic Bank by Riverport and secured by the Real Property is more than the Purchase Price. As of August 2, 2022, Republic Bank is owed the following:

$2,469,890.46 in principal;

$472,975.05 in past due interest;

$21,845.39 deficient escrow balance;

$4,123.25 in late charges;

$364,056.57 in other attorney fees, receiver fees and costs;

Total: $3,395,363.72.

13.     Debtor owes state, county, and school taxes for the year of 2021 in the current amount of $66,500.20.

14.     George Michaels ("Michaels") asserts a security interest in the Real Property in the face amount of $502,420.24 via mortgage dated August 21, 2015, filed of record in the Office of the Clerk of Jefferson County in Mortgage Book 14236, Page 578. Michaels' mortgage is subordinated to Republic Bank's mortgage.

15.     Commonwealth Roofing Corp. asserts a mechanic's lien interest in the Real Property in the face amount of $27,356.00 via a Mechanic's Lien filed of record in the Office of the Clerk of Jefferson County in Encumbrance Book 2424, Page 345.

16.     GOF Finance, LLC ("GOF") has asserted a lien against the Real Property vis a vis a fixture filing filed against LPCS. LPCS does not own the Real Property.

17.     In September 2019, LPCS executed a Cognovit Balloon Promissory Note in favor of GOF for the face amount of $725,000.00 at an interest rate of 17.5% (the "GOF Note"). The GOF Note is alleged to be secured by a lien in all of LPCS' assets. Riverport does not owe GOF money and did not guaranty or secure the GOF Note. GOF recorded its UCC-1 financing statement against the assets of LPCS with the Kentucky Secretary of State on September 26, 2019. No liens are recorded in favor of GOF against Riverport's assets.

18.    On February 28, 2022, GOF filed its September 26, 2019 financing statement with the Office of the Jefferson County Clerk, in Fixture Book 125, Page 265 attempting to assert an interest in the Real Property owned by Riverport, not LPCS. Debtors believe that GOF recorded the purported encumbrance solely to support its repeated attempts to intervene in the Foreclosure Action.

19.    GOF has no security interest against the Real Property and fixtures owned by Riverport.

<u>**Relief Requested**</u>

20.    By this Motion, the Debtors request authority from the Court to sell the Real Property to Buyer free and clear of any interest in the Real Property including the Refrigeration System but excluding the Ovens and Industrial Racking.

21.    Bankruptcy Code § 363(b)(1) provides that a debtor in possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

22.    Although Bankruptcy Code § 363 does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property, courts have consistently held that a debtor's sale of assets outside the ordinary course of business should be approved if the debtor can demonstrate a sound business purpose for the proposed transaction. *See, e.g., Stephens Indus., Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983). The key consideration is whether the Court can find that a good business reason exists for the proposed sale. *McClung*, at 389 (citing *Lionel*). Whether the proffered business justification for a transaction proposed under Bankruptcy

Code § 363(b) is sufficient depends on the case. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

23.     Due to the current posture of the Foreclosure Action, Riverport is unable to service its existing indebtedness secured by liens on the Real Property. Riverport therefore believes that the proposed sale of the Real Property pursuant to Bankruptcy Code § 363(b) will maximize the value of the bankruptcy estate for the benefit of all parties in interest.

24.     Property of a bankruptcy estate may be sold under Bankruptcy Code § 363(b) "free and clear of any interest in such property of an entity other than the estate" provided that the proposed sale meets any one of several conditions. 11 U.S.C. § 363(f)(1)-(5). The Debtors submit that the proposed sale satisfies multiple conditions under Bankruptcy Code § 363(f).

25.     The Debtors expect that Republic Bank, Michaels, Commonwealth Roofing Corp., and the local, state, and county taxing authorities will consent to the proposed sale, thereby satisfying one of the required conditions. 11 U.S.C. § 363(f)(2). Moreover, the sale can be authorized free and clear of the liens asserted by such entities because the Real Property is subject to being foreclosed by Republic Bank which would strip off all junior liens. Accordingly, the Court should authorize the sale of the Real Property free and clear of the interests asserted by above-named lienholders even if any of the respective purported interest holders do not consent to the proposed sale. 11 U.S.C. § 363(f)(4).

26.     Finally, the Court may infer consent to the proposed sale from any lienholder or interest holder who does not timely object to the proposed sale. Though there is no controlling Sixth Circuit precedent, the majority of published opinions and bankruptcy treatises have concluded that consent to a free and clear transfer under Bankruptcy Code § 363(f)(2) can be implied from an interest holder's failure to object to the proposed non-ordinary course sale

provided that adequate notice is given. *See 3 Collier on Bankruptcy*, ¶ 363.06[3] (Alan N. Resnick & Henry J. Sommers eds., 16th ed. 2013); *In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio) ("the State's failure to object to the sale, or the confirmation of the sale, implicitly conveyed its consent to the sales as found under § 363(f)(2)") (citing *Equibank v. Wheeling-Pittsburgh Steel Corp.*, 884 F.2d 80 (3d Cir. 1989)); *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002).

27.    Upon filing this Motion, the Debtor will give notice to each entity known to assert an interest in the Real Property, to-wit: Republic Bank, Michaels, Commonwealth Roofing Corp., GOF, and the local, state, and county taxing authorities. Each entity served will have an adequate opportunity to assert any objection to the proposed sale in a writing filed with the Court prior to approval of the transaction. If no party with an interest in the Real Property timely objects to the Debtor's conveyance of the Real Property to Buyer free and clear of any interest, the Court may infer their consent as required under § 363(f)(2).

28.    At the closing of the proposed sale, the liens of the respective lienholders will attach to the sale proceeds as determined in accordance with their respective priorities under applicable law.

Wherefore, for all of the foregoing reasons, the Debtors respectfully request entry of an order authorizing Riverport to sell the Real Property free and clear of any interests therein, including the liens as provided herein, approving the proposed sale transaction with Buyer, and granting such further relief as may appear just and appropriate.

Respectfully submitted,

/s/ Tyler R. Yeager

CHARITY S. BIRD
TYLER R. YEAGER
**Kaplan Johnson Abate & Bird LLP**
710 W. Main St., 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 416-1630
Facsimile: (502) 540-8282
Email: cbird@kaplanjohnsonlaw.com
Email: tyeager@kaplanjohnsonlaw.com
*Proposed Counsel for Debtor*

**Certificate of Service**

In accordance with Local Rule 9036-1, I certify that on August 4, 2022, a copy of the foregoing *Motion for Authority to Sell Real Property Commonly Identified as 8001 Cane Run Road Free and Clear of Liens or Other Interests* was sent to the United States Trustee and all parties identified in the Notice of Electronic Filing by either: (1) electronic means through the Bankruptcy Court's CM/ECF system; or (2) first-class U.S. Mail if the Notice of Electronic Filing from this Court's CM/ECF system indicates that there are interested parties not deemed to have consented to electronic notice or service. It is further certified that the parties who have liens or other interests in the property to be sold were served with this Motion by first-class U.S. Mail, postage prepaid, at the following addresses:

Republic Bank & Trust Company
Commercial Lending Legacy
601 West Market Street
Louisville, Kentucky 40202

Commonwealth Roofing Corp.
1449 Hugh Avenue
Louisville, Kentucky 40213

Louisville-Jefferson County Metro Gov't
County Attorney Mike O'Connell
Jefferson Hall of Justice
600 W. Jefferson St.
Louisville, Kentucky 40202

Sarah S. Mattingly
Dinsmore & Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
*Counsel for Republic Bank & Trust Company*

Matthew H. Chandler
Neal & Davis, PLLC
931 Main Street
PO Box 40
Shelbyville, Kentucky 40065
*Counsel for Buyer*

George Michaels
38 West Village Drive
Caledon, Ontario, Canada L7C 1H3

GOF Finance, LLC
120 W. 2nd Street, Suite 1406
Dayton, Ohio 45402

Gregory Taylor
Eddins Domine Law Group, PLLC
3950 Westport Road
Louisville, Kentucky 40207
*Counsel for George Michaels*

Ryan F. Hemmerle
Strauss Troy Co., LPA
150 East Fourth Street, 4th Floor
Cincinnati, Ohio 45202
*Counsel for GOF Finance, LLC*

*/s/ Tyler R. Yeager*
CHARITY S. BIRD
TYLER R. YEAGER

9